UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLIFTON CLINTON WILLIAMS IV                                            Plaintiff

v.                                              Civil Action No. 3:24-cv-301-RGJ

CITY OF LOUISVILLE, *et al.*,                                        Defendants

* * * * *

## MEMORANDUM OPINION

Plaintiff Clifton Clinton William IV filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the instant action will be dismissed.

### I.  SUMMARY OF ALLEGATIONS

Plaintiff[1] filed this action on April 26, 2024. [DE 1]. He sues Defendants City of Louisville (Metro Council), Public Affairs Human Resources Victims Right Services, Craig Greenberg, and Marcus Winkler. Plaintiff states that jurisdiction is based on federal question jurisdiction and alleges that the following federal constitutional or statutory rights have been violated: "4th Amendment loss of procedural unbiasness, 5th Amendment right to non-incriminate, 14th Amendment illegal seizure of person property." [*Id.* at 2].

In the statement-of-claim section of the complaint form, Plaintiff states that the dates the alleged violations occurred were January 24, 2020, March 14, 2021, and October 2, 2022. Plaintiff further states as follows:

Several direct violation as per the other cases filed 18CV1024, 19CV1051, 20CV5641 in which these allegations were brought to the proper authorities

---

[1] Plaintiff was a non-prisoner at the time he filed this action but has notified the Court that he is currently incarcerated in New York. [DE 9].

attention only for the unbiased, and impractical use of tactics such as cyber-stalking, gas-lighting, and other form of intimidation were increased to a point in which I relocated 12 in the past 24 months.

[*Id.* at 5].

As relief, Plaintiff seeks monetary damages.  [*Id.* at 6].

## II.  STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e)(2)(B).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985).  Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

"Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run."  *Elkins v. Kentucky State Police*, No. 3:08CV-P157-S, 2008 WL 2597554, at *2 (W.D. Ky. June 26, 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)).  The "standard rule" is that a cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks, citations, and alterations omitted).  Because an action generally accrues "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred," courts typically determine the accrual of a § 1983 action by "look[ing] to the event that should have alerted the typical lay person to protect his or her rights."  *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (internal quotation marks and citations omitted); *see also Snyder-Hill v. Ohio State*

3

*Univ.*, 48 F.4th 686, 701 (6th Cir. 2022); *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023).  "The cause of action accrues even though the full extent of the injury is not then known or predictable."  *Wallace*, 549 U.S. at 391 (citing 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526–527 (1991) (footnote omitted)).  Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.  *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff specifically states that the events giving rise to these claims occurred on January 24, 2020, March 14, 2021, and October 2, 2022.  Plaintiff's claims, therefore, are barred by the statute of limitations since Plaintiff knew of the alleged injuries or violations more than one year before the instant action was initiated on April 26, 2024.  For this reason, this action must be dismissed for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:  September 25, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
A961.014

4